**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4994**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO ANDRADE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (3:06-cr-00079)

Submitted:  May 30, 2007                    Decided:  July 10, 2007

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Acting Federal Public Defender, Paul G.
Gill, Assistant Federal Public Defender, Richmond, Virginia, for
Appellant.  Charles P. Rosenberg, United States Attorney, Sara E.
Flannery, Assistant United States Attorney, Richmond, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Andrade appeals the district court's judgment entered pursuant to a jury verdict convicting Andrade of assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury, and assault by striking, beating, and wounding. Andrade was tried with two co-defendants, Eber Mejia-Argueta and Jesus Melchor, on charges of conspiracy to commit the assault and for the assault itself. The two co-defendants were acquitted of all counts, and Andrade was acquitted of conspiracy.

On October 30, 2005, Andrade, Mejia, Melchor and the victim, James Chappelle, were incarcerated in B Pod South at the Petersburg Federal Correctional Center (hereinafter "FCC Petersburg"). Chappelle was the unit orderly charged with doing laundry on that day. At some time between 9:00 and 9:30 p.m., Andrade and Chappelle got into a verbal confrontation over Andrade's laundry. Andrade then left the laundry room but returned approximately five minutes later. Chappelle and Andrade then became involved in a brief physical altercation. The fight ended just before all prisoners were required to return to their cells for the evening count.

After the evening count, Chappelle eventually went to Andrade's cell after he was approached by an inmate who told him it would be in his best interest to speak to Andrade. At Andrade's

cell, Andrade waived Chappelle into the room. Upon entering the room, Andrade told Chappelle that he was through. Chappelle then turned to leave the cell but, according to his testimony, was hit on the nose by Mejia who apparently had been behind him. After being struck, Chappelle felt his head being pulled down and was punched, kicked and stabbed. Chappelle described the cutting of his throat as starting at his ear and just scratching him until it hit his esophagus, where it bounced and split his throat wide open. Chappelle described the stab wound to his chest as coming from behind him, over his shoulder. Chappelle did not see who stabbed him.

Chappelle managed to escape and ran for help. Chappelle was eventually transported to the emergency room where he was treated by an emergency room doctor. According to the doctor, Chappelle received eighteen stitches in his neck and six stitches in his chest.

In addition to Chappelle, four other FCC Petersburg inmates testified for the Government. Andrade contends that all five witnesses presented either wholly or partly false testimony. Andrade claims that because the Government knowingly used perjured testimony and because the testimony may have affected the outcome of his case, his conviction must be reversed. Andrade also claims there was insufficient evidence to convict him of assault with intent to commit murder. We affirm Andrade's conviction because

admission of the challenged testimony was not plain error and because the evidence was sufficient to convict Andrade of assault with intent to commit murder.

Andrade failed to raise in the court below his claim that the Government knowingly used perjured testimony to secure his conviction. Therefore, Andrade's first claim is reviewed for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). To establish plain error, Andrade must show that: (1) admission of the allegedly false testimony was error; (2) the error was "plain"; and (3) the error affected his substantial rights. Id. Further, even if these requirements are met, we must also conclude that the error seriously affected the fairness, integrity, or public reputation of the judicial process. Id.

Andrade alleges that the Government was aware that the testimony of its five inmate witnesses was false for two reasons. First, according to Andrade, a videotape of the assault, introduced into evidence by the Government, contradicted the testimony of the Government witnesses. Second, the Government offered Andrade a plea agreement with a stipulation of facts that Andrade acted alone in assaulting Chappelle and causing his injuries.

We conclude that Andrade has failed to establish that the Government knowingly used perjured testimony in securing his conviction. At most, Andrade has established that the Government's case contained inconsistencies for the fact-finder to resolve.

- 4 -

"Mere inconsistencies in testimony by government witnesses does not establish the government's knowing use of false testimony." United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987).

Andrade's claim that the Government knowingly presented false testimony because it offered him a plea deal in which it stipulated that he acted alone is without merit. According to the Government, the stipulation was made at Andrade's insistence. However, Andrade refused to accept the agreement and its stipulation. Andrade's refusal to accept the agreement and to thereby conclusively admit to the assault freed the Government to proceed to trial on its theory of conspiracy with its supporting evidence. Andrade therefore fails to establish error, much less plain error.

Additionally, Andrade cannot establish that the admission of the challenged testimony affected his substantial rights because he fails to show that the testimony affected the outcome of his case. The record contains ample evidence independent of the allegedly false testimony supporting his conviction for assault with intent to commit murder. Andrade therefore fails to meet any prong of the Olano test.

Andrade next contends the evidence was insufficient to sustain his conviction for assault with intent to commit murder. This Court reviews the district court's decision to deny a Fed. R. Crim. P. Rule 29 motion de novo. United States v. Smith, 451 F.3d

209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). Where, as here, the motion is based on a claim of insufficient evidence, the jury's verdict must be sustained if supported by substantial evidence, taking the view most favorable to the prosecution. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Smith, 451 F.3d at 216 (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We do not weigh the evidence or review the credibility of witnesses. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). And we will not reverse a conviction on sufficiency grounds unless the prosecution's failure is clear. United State v. Moye, 454 F.3d 390, 394 (4th Cir.), cert. denied, 127 S. Ct. 452 (2006).

We conclude that, viewing all the evidence in favor of the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Andrade possessed the requisite intent to commit murder during the assault. The emergency room doctor's unrefuted testimony was that Chappelle's neck wound was serious because the cut was over the muscle area where the jugular veins are located and, had those veins been compromised, Chappelle likely would have bled to death. The doctor also x-rayed Chappelle's chest to make certain his lung was not punctured by the stab wound to his chest. Also, the jury could permissibly draw inferences

about Andrade's intent from the mere fact that he chose to cut Chappelle's throat.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED